BEFORE THE FIRST DIVISION, JANUARY 25, 1951

**No. 55169.**—Close & Stewart *v.* United States, protest 137510–K (Seattle).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoices as "Crating S4S" and consists of lumber sawn to specific dimensions of length, thickness, and width. It was assessed with duty at the rate of 33⅓ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 412) for "manufactures of wood * * * not specially provided for."

It is claimed to be properly dutiable at 50 cents per thousand feet, board measure, under the provision for—

* * * sawed lumber * * * not specially provided for * * * if of fir, spruce, pine, hemlock, or larch * * *

in paragraph 401 of the same act, as amended by the Canadian Trade Agreement, T. D. 49752, plus tax or duty at the rate of $1.50 per thousand feet, board measure, under the provision for lumber in section 3424 (a) of the Internal Revenue Code, as amended by the said Canadian Trade Agreement.

While it is not specifically so stated in the record, it is obvious that the theory of assessment was that the merchandise in its imported condition consisted of crating material so far advanced towards its ultimate use that it had lost its identity as lumber and took on the identity of crates, even though not assembled into crates.

Evidence offered on behalf of the plaintiff establishes that the merchandise involved consists of pine, spruce, and hemlock cut to specific sizes and imported · for and shipped to certain glass factories for the purpose of making window-glass crates or boxes therefrom. It was established by the plaintiff and not controverted by the defendant that before the imported lumber could be used for the purpose of making crates or boxes, it was necessary to cut it into shorter lengths and rip it into narrower widths, and that it was not in its imported condition adapted for the making of window-glass crates or boxes without such manu-, facture.

The involved merchandise was imported during a period of wartime controls, and the cutting to specific sizes, it appears, was solely for the purpose of placing the merchandise in a classification of lumber cut to exact size and thereby commanding a higher price under such controls, and the specific sizes ordered had no reference to the crates which were to be made from the material. In other words, the material, even though cut to specific sizes, was no more dedicated to the making of crates than ordinary lumber not so cut.

Viewed in the light of the foregoing facts as established by the record, it must be held that the merchandise involved is no more than lumber not further advanced than sawn, and, being of the type for which provision is made in paragraph 401, *supra*, is dutiable thereunder, with additional assessment under the Internal Revenue Code provision, rather than under the provision for manufactures of wood, as classified. The distinction between knocked-down crates and lumber from which crates may be made is well set forth in *United States* v. *Swain & Boggs Co.*, 12 Ct. Cust. Appls. 13, T. D. 39891.

Judgment will therefore issue sustaining the protest claim and directing the collector to reliquidate the entries accordingly.

### CONCURRING OPINION

COLE, Judge: This case was first heard at St. Louis, where plaintiff offered all its proof, and finally submitted at Seattle, the port of entry. In both instances, the proceedings were had before a single judge on circuit under statutory authorization issued by the chief judge to hear or to hear and determine the case, 28 U. S. C. (1946 ed., Supp. III) § 254. The right of the division to assume jurisdiction under such circumstances was the subject of *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, and my views continue as the minority expression from this division on the matter. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the the court is dependent upon my participation in a decision of the same. Adhering to my position in C. D. 1175, *supra*, but for the purpose of expediting the work of the court, I am participating in this opinion and the judgment attached thereto.